ANN E. HAMMOND, RESPONDENT, v. MARY T. COCKLE AND OTHERS, APPELLANTS.

*Complaint — Joinder of causes of action.*

The complaint in this action alleged: That one Siphorus Hammond, in 1862, executed a deed of certain premises to his wife Lavina, upon an agreement between them, that delivery of the same should take effect, and the same be recorded, only upon his death. That in 1870 Lavina died, and Siphorus afterward married the plaintiff. That in 1872, Siphorus made his last will, whereby he devised his real estate to the plaintiff and certain of the defendants, and afterward died. That after the death of Lavina, the defendants or some of them surreptitiously procured the said deed; caused the date of the certificate of acknowledgment of the same to be altered; and procured the same to be recorded, in order to make it appear of record that certain of them, as heirs at law of Lavina, were the owners in fee of the whole of the lands described therein. The plaintiff demanded judgment, that she be declared the owner in fee of an undivided fourth part of said premises, and entitled to dower in the whole thereof; that the said deed be declared void, and that it be canceled of record ; that said premises be partitioned among the owners thereof; and that her dower interest be ascertained and admeasured to her.

*Held*, on demurrer for improper joinder of causes of action, that the complaint did not contain three distinct and separate causes of action; that it presented a case in which the plaintiff might be entitled to three kinds of relief, upon the same state of facts.

APPEAL from an order of Special Term, overruling a demurrer. The defendants demurred to the complaint, on the ground that several causes of action had been improperly joined therein, to wit :   One for an admeasurement of dower ; one for a partition of lands ; and another to remove a cloud upon title.

*Humphrey & Lockwood*, for the appellants, cited *Dewey* v. *Ward* (12 How., 419) ; *Sweet* v. *Ingerson* (id., 331) ; *Hulce* v. *Thompson*

(9 id., 113); *Maxwell* v. *Farnam* (7 id., 236; 53 Barb., 238); *Varick* v. *Smith* (5 Paige, 137).

*Abraham Thorn*, for the respondent.

MULLIN, P. J.:

The complaint in this case alleges the making, by Siphorus Hammond in his life, of a deed of certain premises, therein described, to Lavina Hammond, his then wife; the delivery of the same to take effect only on his death; the rescission of the said arrangement by mutual agreement of the parties; that said Hammond made provision for his said wife by will; the death of the said Lavina; his marriage to the present plaintiff, and the making of another will, devising to her one undivided fourth part of the said premises, and the residue to the defendants; his death; proof of said will; and that the defendants, having obtained possession of said deed, so executed in favor of his first wife, caused the date of the acknowledgment to be altered, and then put it on record, and now claims to own said premises in fee as heirs of the said first wife. The prayer for relief is, that said deed be set aside, the premises partitioned, and the widow's dower set off to her. The defendants demur, because of the joinder of three distinct causes of action, not arising out of the same transaction connected with the same subject-matter. The demurrer was overruled, and defendants allowed twenty days to answer.

The complaint does not contain three distinct and independent causes of action. It presents a case in which the plaintiff is or may be entitled to three kinds of relief upon the same state of facts. A court of equity, having obtained jurisdiction of a cause, would grant such relief as the parties showed themselves to be entitled to, and for that purpose would entertain jurisdiction of cases which appropriately belonged to courts of law, in order to avoid multiplicity of suits. The court, at the trial, will determine how much of the relief demanded can properly be granted. That question is not before us on this demurrer. The order must be affirmed, with leave to defendants to answer on payment of costs.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Ordered accordingly